536 A.2d 856

Boris Knisch, Petitioner *v*. Workmen's Compensation Appeal Board (Jerome Enterprises), Respondents.

Argued November 17, 1987, before Judges MAC-PHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Larry Pitt,* for petitioner.

*Ronald F. Bove,* for respondent.

OPINION BY SENIOR JUDGE NARICK, January 29, 1988:

This is an appeal by Boris Knisch (Claimant) challenging the authority of the Workmen's Compensation Appeal Board (Board) to fashion a supersedeas order which in effect both grants and denies a supersedeas petition because it withholds partial compensation from the Claimant as well as attorney fees, litigation costs and medical expenses. For the reasons set forth herein, we must quash the appeal.

Claimant sustained a work-related injury on March 18, 1982 while in the course and scope of his employment with Jerome Enterprises (Employer). On August 26, 1982, Employer filed a petition seeking a suspension of benefits as of July 15, 1982. Also, Employer requested a supersedeas from the referee which was denied. On April 2, 1986, the referee dismissed Employer's petition for suspension of benefits and Employer appealed the referee's decision to the Board. On December 5, 1986, the Board issued an order denying Employer's request for supersedeas as to 80% of Claimant's compensation but granted as to attorney's fees, costs and medical expenses. On December 22, 1986, Claimant filed a petition for review with this Court alleging that the Board's partial grant of Employer's supersedeas petition was improper. On June 19, 1987, the Board issued a final decision which affirmed the referee's decision denying Employer's request to suspend worker's compensation benefits.

There are two issues presented for our resolution in this appeal: (1) whether Claimant's appeal herein is an

interlocutory appeal involving a moot issue and (2) whether the Board erred in fashioning a supersedeas order which both grants and denies supersedeas by withholding 20% of Claimant's compensation, attorney's fees, litigation costs and medical expenses. In reviewing a decision of the Board, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Preliminarily, we must determine whether the instant appeal is from an interlocutory order. It is well settled that appellate jurisdiction will only lie from a final order, unless otherwise permitted by statute. *See Pugar v. Greco,* 483 Pa. 68, 72, 394 A.2d 542, 544 (1978).[1] A final order is one which: (1) ends litigation, or alternatively disposes of the entire case; or (2) effectively puts a litigant out of court, or precludes a party from presenting the merits of his claim. *Pugar* at 73, 394 A.2d at 544-45.

Applying the definition of a final order to the case at bar, it is clear that Claimant's appeal of the Board's partial supersedeas order is not an appeal from a final order but from an interlocutory order because the supersedeas order of the Board did not end the litigation nor did it put Claimant out of court. An appeal from an interlocutory order may be taken as of right pursuant to Pa. R.A.P. 311[2] or may be taken by permission pursuant to Chapter 13 of the Pa. R.A.P.[3]

---

[1] *Also see* 42 Pa. C. S. §763 for this Court's jurisdiction to review appeals from final orders.

[2] There is no automatic right to appeal a supersedeas order under Pa. R.A.P. 311.

[3] Also see Pa. R.A.P. 312.

Pa. R.A.P. 1311(b) pertinently provides:

Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa. C. S. §702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within thirty days after entry of such order in the lower court or other government unit with proof of service on all other parties to the matter in the lower court or other government unit and on the government unit or clerk of the lower court, who shall file the petition of record in such lower court. . . .

Also, 42 Pa. C. S. §702(b) states:

When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate temination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

In the instant case, Claimant did not petition this Court for permission to file an interlocutory appeal. Accordingly, because Claimant's appeal herein is from an interlocutory order for which permission to appeal has not been granted, we must quash the appeal. We further note that although Employer does raise the interlocutory nature of Claimant's appeal in its brief, the appropriate procedure was to file a motion to quash the appeal. Nevertheless, the question of the appealability of an order goes to the jurisdiction of the court requested to address the question. *See Fried v. Fried,* 509 Pa.

89, 501 A.2d 211 (1985). To conclude, because we are without jurisdiction to entertain the appeal herein, we may on our own motion quash the appeal. *Fried*.[4]

Therefore, we must quash the appeal herein and are powerless to address the remaining issues raised by the parties.

## ORDER

AND NOW, this 29th day of January, 1988, Petitioner's appeal in the above-captioned matter is hereby quashed.

Judge MACPHAIL dissents.

---

[4] We should note that in *Travelers Insurance Company v. Gunson*, 79 Pa. Commonwealth Ct. 39, 468 A.2d 529 (1983), *aff'd* per curiam 506 Pa. 334, 485 A.2d 390 (1984) this Court addressed the issue of the Board's propriety to grant or deny a petition for supersedeas. However, that case sat in a different procedural posture from the case at bar. In *Travelers*, the claimant was awarded benefits by the referee on *July 13, 1981*. The employer timely appealed the referee's decision to the Board and also designated its appeal as a petition for supersedeas. When the employer failed to pay the award, the claimant on *September 11, 1981* filed a certified copy of the referee's award with the court of common pleas and a judgment was entered. On *September 17, 1981*, the employer filed a petition to strike or open judgment with the court of common pleas. On *September 22, 1981*, the Board granted employer's request for supersedeas. On *April 28, 1982*, the court of common pleas denied employer's motion to strike or open judgment on the basis that the Board did not have authority to grant the supersedeas. Employer appealed the decision of the court of common pleas; and this Court concluded that the trial court erred when it determined that the Board was without authority to grant the supersedeas petition. This Court's decision was subsequently affirmed by the Supreme Court. Hence, in *Traveler's* there was an appeal of a final order of the court of common pleas whereby the court of common pleas had denied *Traveler's* motion to strike or open judgment.