**Thomas ROBB, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DEPARTMENT OF PUBLIC WELFARE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 1998.

Decided Sept. 15, 1998.

---

Vincent L. Moran, Philadelphia, for petitioner.

Paul E. Peel, Plymouth Meeting, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Thomas Robb (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed an order of a Workers' Compensation Judge (WCJ) marking as "withdrawn" the Petition for a Physical Examination filed by the Department of Public Welfare, Eastern State School and Hospital (Employer).

Claimant sustained a work-related injury in the nature of a lumbar strain on June 3, 1993, while working for Employer.[1] Pursuant to a Notice of Compensation Payable dated June 28, 1993, Claimant began to receive workers' compensation benefits at a rate of $405.60 per week based on an average weekly wage of $608.40.

On August 14, 1995, Employer filed a Petition for a Physical Examination, alleging that

---

**1.** Neither the briefs, the Board's decision, the WCJ's decision, nor the record presently before this Court indicate the position of employment Claimant held with Eastern State School and Hospital at the time he was injured.

on June 20, 1995, it requested Claimant to submit to a physical examination by Dr. Wilhemina Korevaar and that Claimant refused to undergo the examination after the doctor asked him to complete a general authorization form. On July 8, 1996, the WCJ granted Employer's request for a supersedeas, thereby suspending Claimant's benefits as of June 20, 1995.

Thereafter, on August 20, 1996, a hearing was held before the WCJ. At that hearing, counsel for Claimant conceded that Employer was entitled to have Claimant undergo an independent medical examination (IME), but asserted that the WCJ had no authority to grant a supersedeas when only a Petition for a Physical Examination was pending before him. Claimant's counsel also advised the WCJ that Claimant would discontinue opposing Defendant's request for an IME in exchange for the lifting of the supersedeas and reinstatement of Claimant's benefits. Employer agreed to reschedule Claimant's IME and further agreed that the supersedeas should be lifted once Claimant had attended that examination.

During the August 20, 1996 hearing, the following exchange took place between the Workers' Compensation Judge Patrick P. Gagai, Claimant's counsel, Carol Mickey, Esq., and Employer's counsel, Patrick R. Byrne, Esq.:

MS. MICKEY: Your Honor, this is a really unusual status of this case, since it's only the defendant's petition for physical exam, which even if we didn't answer, your Honor would grant and give them the right to the exam. What confused everything was, he had gone to an exam, refused to sign a general authorization for the doctor and the exam blew up. They have a right to an exam, absolutely. The reason the man is here is, you granted them supersedeas, I'm not sure why, other than just granting their petition. You cut off his benefits. He's the sole support. I felt obligated to bring him in to, your Honor.

JUDGE GAGAI: I did not grant that petition.

. . . .

MS. MICKEY: Wors[e] yet, you cut off his benefits, so he can't pay his rent. They're due their petition. . . .

. . . .

Your Honor, the problem is, is that all of this confusion about what happened at the exam has stopped this man's benefits. And the only thing in front of your Honor is a petition for physical exam, not a petition for suspension. And you have actually suspended his benefits on your own supersedeas.

JUDGE GAGAI: There was a request for supersedeas.

MS. MICKEY: On your own notice, on your own decision, it reads that the supersedeas shall serve to suspend the payment of comp in whole or to such an extent as the facts alleged in the petition would if approved.

Now, even if you take their petition and you grant it word for word for what they asked you, it still only gives them the right to the exam. This was not an ordered exam. This was the first time. So fine, sign the exam and tell him to go back.

JUDGE GAGAI: So are you making a request for reconsideration of supersedeas?

MS. MICKEY: Absolutely, your Honor. I have offered him a quarter this morning. I'll give you the quarter, call the doctor and we'll have him there. It's not fair to this man that his benefits were stopped.

JUDGE GAGAI: The request for reconsideration of supersedeas is one thing. But the other thing is I want the record to close today, because I have all the evidence.

MS. MICKEY: Your Honor, we would withdraw our opposition to your order, if you would reinstate his benefits.

. . . .

JUDGE GAGAI: I want to make some progress here now at this time. You have made your request for reconsideration of supersedeas, that will be considered. I just want to make some progress on the defendant's case in chief. The defendant has rested. Are you resting your case on

the case in chief, the physical examination[?]

MS. MICKEY: Since we've been here all day, I think that we owe the claimant in this matter an opportunity to tell your Honor what happened at that exam.

JUDGE GAGAI: He has already told me. The claimant has already told me. I have this affidavit. If he tells me now, he'll be telling me two times. I don't think it's going to be economic for me to listen to one story two times. What I'm suggesting now is that we should close the record at this time. And I'm going to establish a briefing schedule. I'm going to establish two briefing schedules. One, for your request for reconsideration and one for the case in chief. Unless there' s other evidence that you want to present.

MS. MICKEY: Your Honor, I don't know if we need a briefing schedule. Therefore, this man goes without benefits more. He has nobody paying his rent, you Honor.

JUDGE GAGAI: I'm going to establish as a matter of procedure, a briefing schedule.

MS. MICKEY: Your Honor, can I make another suggestion.

JUDGE GAGAI: Yes.

. . . .

MS. MICKEY: . . . . For this case I am asking that another exam be scheduled. Mr. Robb will be there. We will comply with it. Therefore, it would then stop the necessity for you to even make a decision.

. . . .

JUDGE GAGAI: Is he going to sign the forms if he's required to sign them?

. MS. MICKEY: At this point, I would advise him to sign anything because he needs the money.

MR. BYRNE: I'll schedule the examination. I'm not going to withdraw the petition, you Honor.

JUDGE GAGAI: All right, in that case I'm not going to close the record. I'm not going to issue a briefing schedule. I'll wait for communication from one of you. I expect you to schedule the examination, and I expect the claimant to attend it. If he does attend, then I'll expect [Employer] to withdraw [its petition]. I will then circulate an order indicating that this petition has been withdrawn.

MR. BYRNE: Your Honor, I would agree that the supersedeas should be lifted if he attends the exam.

JUDGE GAGAI: It will be lifted as soon as he attends the examination, this supersedeas will be lifted. This is the only issue, the physical examination.

MR. BYRNE: I will schedule it at the earliest possible date with Dr. Korevaar.

JUDGE GAGAI: All right. The supersedeas will be lifted as soon as the claimant attends the examination.

(Where upon, at 12:33 p.m., the hearing was adjourned.)

(Notes of Testimony (N.T.), 9/20/96, at 4, 6–11; Reproduced Record (R.R.) at 11a, 13a–18a.) Claimant's counsel did not object to the proposal as described by the WCJ and Employer's counsel. Following the hearing, counsel for both parties agreed that Claimant would attend the IME on October 16, 1996, and Claimant did, in fact, submit to the IME on that date.

A final hearing on the Petition for a Physical Examination was held before the WCJ on October 22, 1996, at which time only counsel for Employer attended.[2] Employer's counsel informed the WCJ that Claimant had submitted to the IME during the previous week. Accordingly, pursuant to the understanding reached by the parties during the August 20,

2. Claimant's counsel, Vincent L. Moran, Esq., states in his brief that he notified both the WCJ and opposing counsel that he could not attend the hearing because he was engaged in a trial in the Philadelphia Court of Common Pleas on that same day. Mr. Moran sent a letter dated October 28, 1996, to this effect to the WCJ after the hearing. In that letter, Mr. Moran further alleged that the WCJ's office granted his request for a continuance prior to the hearing and that he also informed the WCJ's office prior to the hearing that he opposed the withdrawal of Employer's petition. For these reasons, Mr. Moran requested that a new hearing be held, a request that was apparently denied by the WCJ. (Letter of Vicent L. Moran to Judge Patrick Gagai, 10/28/96; Reproduced Record (R.R.) at 21a–22a.)

1996 hearing, Employer withdrew its Petition for a Physical Examination. The WCJ then circulated an order, dated December 11, 1996, marking Employer's petition as "withdrawn."[3] No additional findings of fact or conclusions of law were issued with respect to this matter in light of the fact that the merits of the central issue, i.e., the physical examination, had been ostensibly mooted by the withdrawal of Employer's petition.

Claimant appealed to the Board from the WCJ's order, arguing that the supersedeas was wrongfully granted in the first instance and that Claimant's benefits should have been reinstated as of June 20, 1996, the day as of which the supersedeas was granted, rather than as of October 16, 1996, the date on which Claimant attended the IME. The Board ultimately affirmed the WCJ's decision, reasoning that Claimant lacked standing to appeal from the withdrawal of Employer's Physical Examination Petition. This appeal ensued.[4]

This case presents us with two novel issues: (1) whether Claimant was aggrieved by, and therefore had standing to appeal from, the WCJ's December 11, 1996 order which marked as withdrawn Employer's Physical Examination Petition; and (2) whether a WCJ has the authority to grant a supersedeas suspending a claimant's benefits for refusing to attend an IME where no order has been issued requiring the claimant to attend such an exam.

 Claimant first argues that, contrary to the conclusion of the Board, he was aggrieved by the WCJ's order and that he therefore has standing to appeal therefrom.

Given the unusual factual circumstances of this case, we must agree with this argument, and we note at the outset that the absence or presence of aggrievement for purposes of standing to appeal is determined on an ad hoc or case-by-case basis and that, if a person is determined to be aggrieved, then he does have standing. Guthrie Clinic v. Meyer, 162 Pa.Cmwlth. 152, 638 A.2d 400 (1994); see also Pa. R.A.P. 501 note.

Ordinarily, we would have to agree that a claimant is not aggrieved by an order which merely marks as withdrawn a petition filed by an employer, but the relevant order in this case had a much more profound practical effect. The WCJ's December 11, 1996 order was the product of the hearing which took place on October 22, 1996, at which only counsel for Employer was present.[5] Although no transcript of this hearing appears in the record, it is apparent that it was at this hearing that the WCJ denied Claimant's request for reconsideration of the WCJ's July 8, 1996 supersedeas order and ruled that Claimant's benefits were reinstated as of October 16, 1996. The peculiar facet of this case is that, although the parties agree that the WCJ ruled as such, no order was ever filed or issued by the WCJ which specifically denies Claimant's request for reconsideration or lifts the supersedeas. Apparently, Employer in this case simply reinstated Claimant's benefits on its own pursuant to the above-cited colloquy that took place on the record during the first hearing on August 20, 1996, and pursuant to whatever transpired during the second hearing on October 22, 1996.[6] Of critical importance, however, is the

3. In actuality, the WCJ's December 11, 1996 order stated as follows:

The Physical Exam Petition filed on August 18, 1995[,] is hereby marked WITHDRAWN by the Claimant at the request of Claimant's counsel. (WCJ's Order, 12/16/96, at 2.) (Emphasis added.) Because it was, of course, Employer that filed the petition and Employer's counsel who requested that Employer's petition be withdrawn, the designation "Claimant" in the order was obviously an inadvertent mistake.

4. Our standard of review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error

of law was committed. Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.), 684 A.2d 673 (Pa.Cmwlth.1996).

5. As noted above, Claimant contends that this hearing had been continued by his request in light of the fact that his presence was required for trial before the Philadelphia Court of Common Pleas.

6. After the October 22, 1996 hearing, counsel for Employer sent to Claimant's counsel a letter stating as follows: "[C]laimant's worker[s'] compensation benefits have been reinstated as of October 16, 1996. Pursuant to the Commonwealth's payment schedule, [C]laimant's check will be mailed November 9, 1996." (R.R. at 20a.)

fact that the only order of record which even colorably memorializes the WCJ's decision regarding the denial of Claimant's request for reconsideration (and lifts the supersedeas as of October 16, 1996) thereby depriving Claimant of benefits from June 20, 1996, through that date, is the WCJ's December 11, 1996 order.

There is no doubt that a claimant has standing to appeal from a final order which effectively deprives him of workers' compensation benefits, and, because the WCJ's December 11, 1996 order is the **only** order resulting from the hearing during which the WCJ made his rulings with regard to the supersedeas, and therefore the only order from which Claimant could appeal, we must in this case hold that Claimant was aggrieved by that order and that he has standing to appeal therefrom. Any holding to the contrary would produce the grossly inequitable result of essentially leaving Claimant with a right without a remedy, and would also insulate a WCJ's decision granting a supersedeas from any appellate consideration whatsoever. It is also clear that such a holding would be contrary to the very purposes of the Workers' Compensation Act.[7] Consequently, given the unique factual circumstances of this appeal, we believe that Claimant is entitled to have this Court consider the arguments that he has asserted with regard to the propriety of the supersedeas.

Employer does not address in its brief whether the WCJ had the authority to grant a supersedeas as of June 20, 1996, when only a petition for a physical examination was pending and where no order had been issued by the WCJ requiring Claimant to attend an IME. Rather, Employer's sole argument in this regard is that Claimant, by failing to have the interlocutory supersedeas order certified for appeal by permission, waived the right to challenge the WCJ's initial grant of a supersedeas. However, Employer cites no authority, and we know of none, which supports the proposition that, where a litigant has failed to obtain permission to have an interlocutory order considered immediately on appeal, the litigant has forever waived appellate consideration of that order. Instead, Employer directs our attention to the decision of this Court in *Knisch v. Workmen's Compensation Appeal Board (Jerome Enterprises)*, 113 Pa. Cmwlth. 204, 536 A.2d 856 (1988). In that case, we quashed a petition for review filed in this Court by a claimant with respect to a Board-issued supersedeas order because that order was interlocutory and had not been certified as an order from which an interlocutory appeal by permission could be taken. Thus, the *Knisch* case merely stands for the general and firmly established principle that an interlocutory order may not be appealed where permission has not been sought and granted within thirty days after that interlocutory order has been entered. The facts of this case are clearly distinguishable from those of *Knisch*. The *Knisch* opinion is clearly *not* authority for the principle that if a litigant does not file a petition for permission to appeal an interlocutory order, the right to subsequently appeal has been waived.

With regard to the propriety of the WCJ's July 8, 1996 order granting Employer a supersedeas and suspending Claimant's benefits as of June 20, 1996, Claimant argues that the WCJ had no authority to grant a supersedeas absent an order by the WCJ ordering an IME and a subsequent refusal by Claimant to attend that exam. After a review of the relevant provisions of the Act, we must agree with this argument.

■ Section 314(a) of the Act provides in pertinent part as follows:

(a) At any time after an injury the employe, if so requested by his employer, must submit himself at some reasonable time and place for a physical examination or expert interview by an appropriate health care provider or other expert, who shall be selected and paid for by the employer. **If the employe shall refuse upon the request of the employer, to submit to the examination or expert interview by the health care provider or other expert selected by the employer, a workers' compensation judge assigned by the department may, upon petition of the em-**

---

7. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

ployer, order the employe to submit to such examination .... The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination or expert interview **ordered by the workers' compensation judge**, either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.[8]

77 P.S. § 651(a) (emphasis added). The plain language of Section 314 indicates that, where a claimant refuses the request of an employer to attend an IME, the appropriate recourse is for the employer to petition the WCJ for an order to compel such an examination. It is equally clear from this statutory language that, **once the WCJ has issued an order requiring the claimant to attend an IME**, a subsequent refusal by the claimant to attend the exam, without reasonable cause or excuse, gives the WCJ the authority to suspend Claimant's benefits as of the date on which the Claimant was to attend the IME.

■ In this case, the WCJ granted Employer's request for a supersedeas as of June 20, 1996, which was the date on which Claimant failed to attend the scheduled IME. We initially note that we agree with the WCJ that Section 314 is self-executing to the extent that, once the WCJ issues an order requiring a claimant to attend an IME, benefits are to be suspended as of the date on which the claimant refuses to attended the ordered exam. *See Maranc v. Workmen's Compensation Appeal Board (Bienenfeld)*, 156 Pa.Cmwlth. 572, 628 A.2d 522 (1993), *petition for allowance of appeal denied*, 537 Pa. 636, 642 A.2d 489 (1994). However, pursuant to the express provisions of the Act

cited above, a supersedeas effectuating such a suspension is only appropriate after there has been an order compelling the claimant to attend the examination and not where the claimant has merely refused to acquiesce in the employer's request to do so or where an employer's Physical Examination Petition remains unresolved. Indeed, until the WCJ issues such an order, whether the claimant is even required to submit to an IME is still an unresolved subject of controversy between the parties.[9]

■ In this case, the WCJ granted Employer's request for a supersedeas and suspended Claimant's benefits as of June 20, 1996, the date on which Claimant refused to attend a scheduled IME, where no order had been issued requiring Claimant to attend such an exam. Because no order to attend an IME had been issued, the WCJ simply lacked the authority to issue a supersedeas suspending benefits as of that date, and, in so doing, he clearly abused his discretion and erred as a matter of law.

Accordingly, for the foregoing reasons, we must reverse the WCJ's decision to the extent that he granted Employer's request for supersedeas in his July 8, 1996 order, thereby suspending Claimant's benefits as of June 20, 1996, and hold that Claimant is thus entitled to the benefits he did not receive for the period of June 20, 1996, to October 16, 1996.

### ORDER

**NOW**, September 15, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed to the extent that it denied Claimant's benefits for the period of June 20, 1996, to October 16, 1996, since Claimant is entitled

---

**8.** Prior to the Act of July 2, 1993, No. 44, P.L. 190 (Act 44), Section 314 of the Act provided that the Board, rather than the WCJ, could issue an order requiring a claimant to attend an IME, as well as an order suspending the claimant's benefits if he did not attend.

**9.** For instance, it could be that the claimant had just recently undergone one or multiple IMEs

with the same or another physician and that there exists a reasonable dispute as to whether the claimant has a legitimate basis for refusing the employer's request to attend another IME. *See Wolfe v. Workmen's Compensation Appeal Board (Edgewater Steel Co.)* 161 Pa.Cmwlth. 361, 636 A.2d 1293, *petition for allowance of appeal denied*, 537 Pa. 669, 644 A.2d 1205 (1994).

to workers' compensation benefits for that period of time.