GNB, INC., and Zurich, N.A., Petitioners,

v.

**WORKERS' COMPENSATION APPEAL BOARD (KORMAN),** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 27, 2002.

Decided Nov. 18, 2002.

Thomas R. Nealon, Scranton, for petitioners.

Katherine M. Lenahan, Scranton, for respondent.

Before FRIEDMAN, Judge, SIMPSON, Judge, JIULIANTE, Senior Judge.

Opinion by Judge FRIEDMAN.

GNB, Inc. and Zurich, N.A. (together, Employer) petition for review of the May 29, 2002, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of the workers' compensation judge (WCJ) to deny Employer's modification petition.[1] We affirm.

On June 17, 1988, Claimant sustained a work-related injury to his left knee, and Employer issued a notice of compensation payable accepting liability for the injury. On March 19, 1990, Employer filed its petition, to which Claimant filed a timely answer denying Employer's material allegations, and hearings were held before a WCJ.[2]

At the hearings, Employer offered the deposition testimony of Kenneth W. Gentilezza, M.D.,[3] who performed an independent medical examination of Claimant on December 8, 1989. (R.R. at 181.) Dr. Gentilezza opined that, as of the date he examined Claimant, Claimant was capable of returning to full duty at his pre-injury position as a janitor. (WCJ's Findings of Fact, No. 5.) Dr. Gentilezza also testified regarding several job descriptions that he previously had reviewed, including a data entry position at Document Automation Corporation (DAC) that did not require lifting or carrying.[4] (R.R. at 196–97.) Dr. Gentilezza opined that Claimant would be able to perform each of these positions. (WCJ's Findings of Fact, Nos. 5, 12 at Table 1; R.R. at 197.) However, on cross-examination, Dr. Gentilezza admitted that he restricted Claimant's work capabilities to light or sedentary duty and that most, if not all, of the jobs referred to Claimant were not suitable to him. (WCJ's Findings of Fact, No. 11 and Conclusions of Law, No. 4; R.R. at 475.)

Employer also presented the testimony of Gloria Dobrowalski, a certified rehabilitation counselor retained by Employer to assist Claimant in locating appropriate employment. Dobrowalski testified regarding twelve jobs to which Claimant was referred, including the data entry position at DAC. Dobrowalski testified that all of the positions were within Claimant's medical and vocational capabilities and were open and available at the time of referral. (R.R. at 30–31, 34–35.) Dobrowalski further testified that, although Claimant did not apply for six of the twelve jobs, Claimant had applied for the data entry position with DAC, but he was not hired. (R.R. at 301–02, 307.) Additionally, Dobrowalski's rehabilitation file on Claimant, which was admitted into evidence, contained a letter from Dobrowalski to Ronald Tompko (Tompko), the Human Resource Adminis-

1. Employer actually filed a termination/suspension/modification petition; and, although Employer initially sought only to terminate Claimant's benefits, (WCJ's Findings of Fact, No. 1; R.R. at 7), during the course of the litigation, Employer developed its case for suspension and modification as well. (WCJ's Findings of Fact, fn. 2.) However, at issue here is the denial of the modification petition only.

2. The hearings in this matter were held at various times over a nearly ten-year period. The prolonged litigation was a result of the WCAB twice remanding this matter to the WCJ, with the record being reopened each time.

3. Because Claimant's counsel did not attend the deposition, (R.R. at 175), this testimony, taken on June 15, 1990, consisted only of a direct examination by Employer's counsel. Claimant's counsel eventually cross-examined Dr. Gentilezza on July 1, 1999. (R.R. at 469.)

4. The job analysis for the DAC data entry position stated that lifting and carrying were "Not Required." (R.R. at 217.)

trator at DAC. The letter inquired whether Claimant applied for a position at DAC; Tompko checked "yes" and signed the form. (R.R. at 360.)

Because Dr. Gentilezza's testimony was contradictory, the WCJ found that testimony on direct examination equivocal with respect to whether Claimant was fully recovered and able to return to work without restrictions. (WCJ's Findings of Fact, No. 16.) However, the WCJ found Dr. Gentilezza's subsequent testimony on cross-examination to be credible regarding Claimant's physical restrictions and whether the jobs referred to Claimant fell within those restrictions. (WCJ's Findings of Fact, No. 17.) Therefore, the WCJ found that none of the twelve jobs fit within Claimant's medical restrictions. (*See* WCJ's Findings of Fact, No. 20, Conclusions of Law, No. 4.) With respect to the data entry position at DAC, the WCJ specifically ruled that this job was unavailable to Claimant because the job description failed to specify the weight limits for key activities, including carrying and lifting objects. (WCJ's Conclusions of Law, No. 4.) Based on these findings, the WCJ concluded that Employer failed to satisfy its burden under the second prong of the test set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 516 Pa. 240, 532 A.2d 374 (1987),[5] by producing evidence of referral to available employment. Thus, although the WCJ

made a finding that Claimant failed to apply for any of the jobs referred to him, (WCJ's Findings of Fact, No. 14), the WCJ never reached the third prong of the *Kachinski* test. Accordingly, the WCJ held that Employer was not entitled to a modification of Claimant's benefits.[6] (WCJ's Conclusions of Law, No. 4.) Employer appealed to the WCAB.

On appeal, the WCAB affirmed the WCJ on different grounds. Before proceeding with its analysis, the WCAB reviewed the final three prongs of the test set forth in *Kachinski,* i.e., (2) the employer must refer the claimant to an open job within the category for which the claimant has received medical clearance; (3) the claimant must then, in good faith, follow through on the job referral, and, (4) should the referral fail to result in a job, then the claimant's benefits should continue. The WCAB concluded that the WCJ erred in determining that the data entry job with DAC was not within Claimant's restrictions, noting that the job analysis for this position indicated that lifting and carrying were "Not Required." (*See* WCAB's op. at 12.) As a consequence, the WCJ also erred in concluding that Employer failed to satisfy the second prong of *Kachinski.* However, the WCAB concluded that this was harmless error. Looking to the third and fourth prongs of *Kachinski,* the WCAB determined that Claimant actually applied for the job with DAC but was not

---

5. In *Kachinski,* our supreme court set forth the standard governing a modification of a claimant's benefits:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.
2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has

been given medical clearance, e.g., light work, sedentary work, etc.
3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).
4. If the referral fails to result in a job then claimant's benefits should continue. *Id.* at 252, 532 A.2d at 380.

6. The WCJ also found that Employer failed to sustain its burden for a termination or suspension of benefits. (WCJ's Conclusions of Law, Nos. 2–3.)

hired. Therefore, the WCAB concluded that the DAC job was unavailable on that basis, and, thus, Employer still failed to sustain its burden of proof under its modification petition.

■ Employer now petitions this court for review of the WCAB's order,[7] arguing that the WCAB erred and abused its discretion in failing to modify Claimant's benefits. Specifically, Employer makes the sole challenge that, because the WCAB determined the DAC data entry position was within Claimant's physical and vocational capabilities, the WCAB was required to grant Employer's modification petition where there was an unappealed finding of fact by the WCJ that Claimant did not apply for any of the positions to which he was referred. Although we acknowledge that there is an unappealed finding of fact which states, "Claimant admitted that he did not apply for any of the positions that were referred to him ...," (WCJ's Findings of Fact, No. 14), we cannot agree that the WCAB was constrained to accept this finding on appeal.

■ The general rule is that if a *petitioner* fails to challenge a finding of fact by the WCJ, that finding is conclusive on appeal. *See Gibson v. Unemployment Compensation Board of Review,* 760 A.2d 492 (Pa.Cmwlth.2000). However, importantly, Claimant here was *not* the petitioner before the WCAB or this court. In-

deed, Claimant could not have challenged this *finding of fact* because Claimant received a favorable order from the WCJ. In other words, because Claimant prevailed before the WCJ, he was not aggrieved, and, thus, he had no standing to appeal. *See Robb v. Workers' Compensation Appeal Board (Department of Public Welfare),* 718 A.2d 875 (Pa.Cmwlth.1998) (stating that, in order to appeal from a WCJ's order, the claimant must be aggrieved). Therefore, we cannot accept Employer's position that the WCAB erred in not modifying Claimant's benefits based on this unchallenged finding of fact. Indeed, because it is Employer's own evidence which establishes that Claimant, in fact, did apply for the data entry job with DAC, to do as Employer advocates here would be a miscarriage of justice.

As the WCAB noted after a review of Claimant's testimony, Claimant did not admit his failure to apply for *any* of the positions offered. Rather, Claimant acknowledged he did not apply for *most* of the jobs that were referred to him; Claimant could not remember if he applied for the data entry job with DAC.[8] (R.R. at 427, 458.) Dobrowalski, however, testified that Claimant did apply for this job but was not hired, and, in fact, Claimant's file contained a letter from DAC's Human Resource Administrator indicating that Claimant applied for the position.[9] (R.R.

---

7. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

8. Accordingly, this necessary finding that Claimant did not apply for *any* of the positions is not supported by substantial evidence, (*see* R.R. at 427, 458), and, therefore, it cannot support Employer's position and a modification of benefits. *See Camino v. Workers'*

*Compensation Appeal Board (City Mission and MCRA, Inc.),* 796 A.2d 412 (Pa.Cmwlth.2002) (stating that a WCJ's findings are conclusive on appeal so long as the record contains substantial evidence to support those findings).

9. We note that Dobrowalski's testimony and the file letter, both submitted by Employer, were competent evidence. Dobrowalski's testimony is not hearsay because it constitutes an admission against interest. Additionally, Dobrowalski's testimony serves as competent evidence to corroborate the unobjected to

at 307, 360.) This court previously has held that where a claimant applies, but is not hired, for a position, the employer fails to establish that the position is available work. *Murphy v. Workmen's Compensation Appeal Board (Roadway Express, Inc.)*, 142 Pa.Cmwlth. 416, 598 A.2d 87 (1991), *appeal denied*, 530 Pa. 649, 607 A.2d 257 (1992); *see also Titusville Hospital v. Workmen's Compensation Appeal Board (Ward)*, 122 Pa.Cmwlth. 619, 552 A.2d 365 (1989) (holding that where the claimant applied for jobs but was not hired, the claimant was entitled to continue receiving total disability benefits); *Piper Aircraft Corporation v. Workmen's Compensation Appeal Board (Bibey)*, 86 Pa. Cmwlth.614, 485 A.2d 906 (1985) (holding that a claim of work availability was rebutted by evidence that the claimant applied for a position but was not hired). Therefore, because Employer failed to establish that the position was available to Claimant, Employer has not sustained its burden of proof under its modification petition.[10]

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of November, 2002, the order of the Workers' Compensation Appeal Board, dated May 29, 2002, is hereby affirmed.

---

hearsay statement of DAC's Human Resource Administrator. *See Walker v. Unemployment Compensation Board of Review*, 27 Pa. Cmwlth. 522, 367 A.2d 366 (1976) (stating that unobjected to hearsay evidence will be given its natural probative effect if it is corroborated by any competent evidence in the record.)

**10.** Because Employer admitted that Claimant applied for the job, in the interest of judicial economy, we can dispose of this matter without a remand.