IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Byfield,                                    :
                                                       : No. 2002 C.D. 2015
                              Petitioner                : Submitted: April 8, 2016
                                                       :
                v.                                     :
                                                       :
Workers' Compensation Appeal                           :
Board (Philadelphia Housing                            :
Authority),                                            :
                                                       :
                              Respondent                :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY JUDGE WOJCIK                                FILED:  July 26, 2016


        Christopher Byfield (Claimant) petitions for review of the September
18, 2015 order of the Workers' Compensation Appeal Board (Board), affirming the
decision of a workers' compensation judge (WCJ) to deny Claimant's Petition to
Review Compensation Benefits (review petition). The review petition requested
an award of costs and attorney's fees incurred by Claimant in successfully
defending a suspension petition filed by the Philadelphia Housing Authority
(Employer).[1]  We affirm.

_____

[1] Section 440 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736,
added by Section 3 of the Act of February 8, 1972, *as amended*, provides in part as follows:

> (a) In any contested case where the insurer has contested liability
> in whole or in part, including contested cases involving petitions to
> terminate, reinstate, increase, reduce or otherwise modify
> compensation awards, agreements or other payment arrangements

**(Footnote continued on next page…)**

In August 2010, Claimant sustained work-related injuries in the nature of strains and sprains of the lumbar, cervical, and thoracic spine and a contusion of the right wrist. Employer issued a notice of compensation payable acknowledging liability for those injuries. In February 2011, Employer filed a suspension petition under Section 306(f.1)(8) of the Act,[2] alleging that Claimant had refused reasonable medical treatment and was ineligible for benefits effective January 31, 2011. Claimant filed an answer denying this allegation and asserting that he was being treated by company doctors, he had returned to work, and there were no benefits to suspend.

Employer presented the deposition testimony of Scott K. Epstein, M.D., who conducted an independent medical examination of Claimant on December 16, 2010. Dr. Epstein determined that Claimant was not fully recovered from his lumbar injury but was capable of light duty work. He said that he

---

**(continued…)**

> or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a).

[2] Section 306(f.1)(8) states that "[i]f the employe shall refuse reasonable services of health care providers, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or increase in his incapacity shown to have resulted from such refusal." 77 P.S. §531(8).

recommended a medical procedure involving lumbar facet injections bilaterally, which had minimal risks and a high likelihood of success. On cross-examination, however, Dr. Epstein testified that he had no information that Claimant ever refused lumbar facet injections.

At a September 12, 2011 hearing, Claimant testified that he was currently working light duty for Employer and receiving treatment from Michael R. McCoy, M.D. Claimant said that he first saw his family physician, Dr. Rosales, and he acknowledged that he missed two appointments with Dr. Rosales in January and February 2011. Claimant stated that he sought a second opinion from Dr. McCoy, who was providing him therapy, medications, and trigger point injections in his back. Claimant testified that if Dr. McCoy advised him to get a set of lumbar facet point injections, he would agree to undergo that treatment. Claimant insisted that he never refused any medical treatment.

Claimant also presented the deposition testimony of Dr. McCoy. In relevant part, Dr. McCoy stated that he scheduled trigger point injections for Claimant, as well as physical therapy and medication for pain. Dr. McCoy testified that trigger point injections are usually ordered first because they are less invasive, adding that if they did not work, he would recommend lumbar facet point injections.

In his January 31, 2013 decision, the WCJ relied on the consistent testimony of the medical experts and found that lumbar facet injections constituted a reasonable and necessary medical treatment for Claimant's work injury. The WCJ granted Employer's petition and suspended Claimant's compensation benefits as of January 31, 2011.

Claimant appealed to the Board, arguing that the record contained no evidence to show that Claimant had ever refused lumbar facet injections. Claimant sought reversal of the WCJ's decision and specifically requested interest and unreasonable contest attorney's fees.

The Board concluded that Employer had not met its burden of proving that Claimant refused reasonable and necessary medical treatment and reversed the WCJ's decision. Although the Board acknowledged Claimant's request for attorney's fees, the Board did not address that request in its opinion and order of August 26, 2013. Neither Claimant nor Employer appealed from the Board's order.[3]

On September 13, 2013, Claimant filed a review petition, seeking litigation costs and attorney's fees incurred during litigation of the suspension petition. The review petition was assigned to a different WCJ, who concluded that Claimant's proper recourse would have been to appeal the Board's order or request a rehearing.[4] Because Claimant did neither, the WCJ held that he was barred from recovering those costs and attorney's fees through a separate petition.

Claimant appealed to the Board, which concluded that Claimant had the opportunity to request a rehearing to address the award of costs and fees or appeal that issue to Commonwealth Court, yet failed to do so. The Board held that Claimant's review petition was barred by collateral estoppel[5] because the issue of

_____

[3] Section 423(a) of the Act provides a twenty-day appeal period, which is measured in calendar days and is computed from the date upon which the decision is mailed. 77 P.S. §853.

[4] Section 426 of the Act states that "the board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling . . . ." 77 P.S. §871.

**(Footnote continued on next page…)**

4

litigation costs and attorney's fees was identical to that raised in the prior litigation, was actually litigated, was essential to the judgment, and was material to the adjudication. Further, the Board rejected Claimant's argument that he had no standing to appeal the Board's order because he was not aggrieved by the Board's decision. The Board explained that although Claimant had prevailed in the suspension proceeding, he was aggrieved by the Board's failure to award costs and attorney's fees and, therefore, he had a right to request a rehearing or to appeal the Board's order to this Court. Thus, the Board affirmed the WCJ's order.

On appeal to this Court,[6] Claimant argues that the Board's failure to award litigation costs and unreasonable contest attorney's fees in the suspension proceeding was a mechanical error properly addressed by a petition for review under Section 413(a) of the Act.[7] Claimant further asserts that the Board erred in

**(continued…)**

[5] The principle of collateral estoppel operates to bar relitigation of an issue of law or fact in a subsequent action only when the following factors are demonstrated: (1) the legal or factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; and (4) they were material to the adjudication. *PMA Insurance Group v. Workmen's Compensation Appeal Board (Kelley)*, 665 A.2d 538, 541 (Pa. Cmwlth. 1995). Because we conclude that Claimant cannot pursue the relief he seeks under section 413 of the Act, we do not decide whether this doctrine applies to the present appeal.

**[6]** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Center)*, 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010).

[7] Section 413(a) of the Act states:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings

**(Footnote continued on next page…)**

holding that he had standing to appeal the Board's decision when in fact he prevailed in the suspension proceeding. We disagree.

Under Section 440 of the Act, a prevailing claimant is entitled to recover litigation costs and an award of reasonable attorney's fees unless the record establishes that the employer had a reasonable basis for contesting liability. *Wood v. Workers' Compensation Appeal Board (Country Care Private Nursing)*, 915 A.2d 181, 186 (Pa. Cmwlth. 2007). A determination of whether the employer's contest was reasonable is a question of law that depends upon the facts and the legal issues involved in each case. *Id.* A reasonable contest is established when the medical evidence is conflicting or susceptible to contrary inferences and there is an absence of evidence that an employer's contest was frivolous or intended to harass the claimant. *Id.*

Relying on *Drozd v. Workers' Compensation Appeal Board (The Lion, Inc.)*, 485 A.2d 96 (Pa. Cmwlth. 1984), Claimant argues that because he prevailed in the suspension proceeding, the Board's failure to award costs and attorney's fees is a mechanical error appropriately corrected by way of a petition for review. In *Drozd*, the claimant was awarded total disability benefits at the rate of $60.00 per week. The employer appealed to the Board, which affirmed. Neither party appealed the Board's decision. Thereafter, the claimant filed a

---

**(continued…)**

> under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. §771.

6

modification petition alleging that the referee[8] relied on an obsolete version of Section 305(a) of the Act, 77 P.S. §511, to calculate the amount of benefits payable. The claimant asserted that he was entitled to benefits in the amount of $86.14 per week and that the referee's error could be corrected under Section 413 of the Act. However, the referee denied the claimant's petition, and the Board affirmed.

On appeal, we reversed the Board's order and held that the referee's mechanical error in the computation of the claimant's benefits was not irremediable, despite the claimant's failure to appeal. Instead, we determined that Section 413 of the Act permits a referee to modify an award to correct mechanical errors in the application of the statute. We noted that the matter did not concern the merits of the original award, but only the question of its satisfaction. Because the claimant in *Drozd* was totally disabled and entitled to compensation, he should have received $86.14 per week during total disability instead of $60.00 per week, the amount he was awarded. Thus, we held that it was error on the part of compensation authorities not to have modified the original award to correct the mechanical error.

In contrast to *Drozd*, this case does not involve a mechanical or mathematical error relating to the satisfaction of an award. Unlike the claimant in *Drozd*, Claimant has not been awarded the costs and attorney's fees he now seeks. Moreover, and, contrary to his implied assertions, an award of attorney's fees to a prevailing claimant is not automatic. *Mason v. Workmen's Compensation Appeal*

---

[8] Workers' compensation judges were formerly known as referees.

*Board (Wheeling-Pittsburgh Steel Corp.)*, 600 A.2d 241, 244 (Pa. Cmwlth. 1991).[9] Therefore, even if the absence of an award of attorney's fees was inadvertent on the Board's part, the mistake goes to the merits of the case, not to the satisfaction of the award, and it cannot be corrected by way of a review petition under Section 413 of the Act.

Claimant maintains that he did not have standing to file an appeal from the Board's order because, having prevailed on appeal in the suspension proceeding, he was not "aggrieved."[10] However, a determination of whether an individual is aggrieved and thus has standing to appeal is made on a case-by-case basis. *Chiro-Med Review Co. v. Bureau of Workers' Compensation*, 908 A.2d 980 (Pa. Cmwlth. 2006). Generally, a party who prevailed in a proceeding below is not an aggrieved party and, consequently, has no standing to appeal. *Almeida v. Workers' Compensation Appeal Board (Herman Goldner Co.)*, 844 A.2d 642, 644 (Pa. Cmwlth. 2004). However, "[c]ourts allow a party to appeal where the remedy awarded is claimed to be insufficient." *Chiro-Med Review Co.*, 908 A.2d at 984; *Robb v. Workers' Compensation Appeal Board (Department of Public Welfare)*, 718 A.2d 875, 880 (Pa. Cmwlth. 1998).

In *Robb*, the employer filed a petition for a physical examination, and, thereafter, the WCJ granted the employer's request for supersedeas. At a hearing

_____

[9] In affirming the Board's conclusion that the employer's contest was reasonable, we specifically held in *Mason* that the reasonableness of an employer's contest does not depend on its success in litigating a matter, but rather upon whether the employer has an objective basis for its actions. *Id.* at 243-44.

[10] Pursuant to Section 702 of the Administrative Agency Law, "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom . . . ." 2 Pa.C.S. §702. *See also* Pa.R.A.P. 501 (any party aggrieved by an appealable order may appeal therefrom).

on the petition, the claimant's counsel conceded that the employer was entitled to a physical examination but argued that the WCJ improperly granted supersedeas when the only petition pending was for a physical examination. Ultimately, the parties agreed that the supersedeas should be lifted once the claimant submitted to an examination. The claimant complied, and the WCJ entered an order indicating that the petition was withdrawn. However, the WCJ's order did not reinstate the claimant's benefits.

The claimant appealed to the Board, which concluded that the claimant lacked standing. However, on appeal, we reversed the Board's order and determined that the claimant had standing because the WCJ's order effectively denied the claimant benefits. We noted that a contrary holding "would produce the grossly inequitable result of essentially leaving [the claimant] with a right without a remedy . . . ." *Robb*, 718 A.2d at 880.

We relied on *Robb* in *Chiro-Med Review Co.* In that case, a utilization review organization (URO) petitioned for review of a hearing officer's order, which sustained the URO's appeal from a revocation of its authorization to conduct utilization reviews but failed to compensate it for losses it sustained during the period of revocation. The Bureau of Workers' Compensation (Bureau) filed a cross-appeal and a motion to quash, arguing, *inter alia*, that the URO lacked standing to appeal. We rejected that argument, explaining as follows:

> Here, Petitioner complains [that] the Hearing Officer denied it a meaningful remedy to compensate it for revenue lost during the [25-months from the Bureau's revocation of] its authorization until it was reissued …. In its proposed findings of fact, Petitioner requested the assignment of additional utilization reviews; however, the Hearing Officer failed to address Petitioner's request.

9

> As in *Robb*, Petitioner's appeal is the only means by which it may challenge the Hearing Officer's failure to compensate it for the Bureau's actions. Thus, *although Petitioner "prevailed" below, we conclude it has standing because it did not receive all the relief it requested.*

*Chiro-Med Review Co.*, 908 A.2d at 985 (emphasis added).

We conclude that *Chiro-Med Review Co.* and *Robb* are controlling and that Claimant had standing to appeal the Board's order. Although Claimant prevailed before the Board in his appeal of the suspension order, he only prevailed in part; because the Board did not address his request for costs and attorney's fees, its order did not entitle him to receive payment for expenses he incurred in defending Employer's suspension petition. As a result, and because an award of attorney's fees is not automatic, Claimant was adversely affected by the Board's decision, and thus, he was aggrieved. Claimant's proper remedy was to request reconsideration by the Board or file an appeal to this Court. Claimant failed to do either. Consequently, the Board's order is final and cannot be collaterally attacked by a subsequently filed review petition.

For these reasons, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Byfield,                          :
                                             : No. 2002 C.D. 2015
                    Petitioner               :
                                             :
           v.                                :
                                             :
Workers' Compensation Appeal                 :
Board (Philadelphia Housing                  :
Authority),                                  :
                                             :
                    Respondent               :


# O R D E R


AND NOW, this 26th day of July, 2016, the order of the Workers'
Compensation Appeal Board, dated September 18, 2015, is affirmed.


_____
MICHAEL H. WOJCIK, Judge