# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Consol Pennsylvania Coal    :
Company LLC,     :
    :
                  Petitioner  :
    :
                v.     : No. 112 C.D. 2017
    : Submitted: May 19, 2017
Department of Environmental     :
Protection,     :
    :
                Respondent :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: August 2, 2017


Consol Pennsylvania Coal Company, LLC (Consol) petitions for review of the order of the Environmental Hearing Board (EHB) granting in part the petition for supersedeas of the Center for Coalfield Justice and the Sierra Club (collectively, Intervenors) prohibiting Consol from conducting longwall mining within 100 feet of any portion of the Kent Run stream. We dismiss the appeal.

Since 1985, Consol has conducted longwall mining[1] in the Bailey Mine Complex in Greene and Washington Counties. In 2007, it sought to expand

---

[1] As this Court has explained:

> "Longwall system" is defined as "a method of coal mining in which the working face extends entirely across the seam, the work proceeds either away from or toward the main shaft, and the roof is

**(Footnote continued on next page…)**

its mining into the Bailey Mine Eastern Expansion Area consisting of five longwall panels numbered 1L through 5L. In May 2014, through Permit Revision No. 180, the Department of Environmental Protection (DEP) authorized longwall mining in panels 1L through 5L, but not beneath the Polen Run and the Kent Run streams. In February 2015, DEP issued Permit Revision No. 189, which authorized mining beneath Polen Run in the 1L and 2L panels, but did not authorize mining under Kent Run. Intervenors have appealed the issuance of Permit Revision Nos. 180 and 189, which have been consolidated for disposition before the EHB.

---

**(continued…)**

allowed to cave in behind the workers." The technique removes coal from a panel which may be from 400 to 1,000 feet along the face, and from 1,000 to 10,000 feet long without leaving pillars to support the mine roof as was done in the conventional room-and-pillar mining method. It is a highly mechanized system consisting of three principal components: a shearer or plow which cuts the coal as it moves across the face; a chain-type armored face conveyor to remove the coal from the face once it is cut; and a system of self-advancing hydraulic roof supports which support the roof as the shearer makes its cut and then allows the roof to collapse behind the mining.

The longwall method is generally favored by the industry because it results in an extremely high recovery rate at a relatively low cost. It also requires fewer employees than the room-and-pillar method and is considered to be relatively safer. Moreover, longwall mining is an accepted method of underground mining which was contemplated by both federal and state mining regulations. However, the major drawback to the longwall method is that as practiced today, it causes subsidence of the surface overlying and in the vicinity of the panel, and often results in the loss of or damage to natural water sources.

*People United to Save Homes v. Department of Environmental Protection*, 789 A.2d 319, 323 (Pa. Cmwlth. 2001) (citations and footnote omitted).

`        In February 2016, Consol sought a permit to conduct longwall mining beneath Polen Run and Kent Run in the 3L panel.  In December 2016, the DEP issued Permit Revision No. 204 authorizing the mining, but requiring Consol to implement an approved stream restoration plan to address any impacts to the streams resulting from its longwall mining.  Permit Revision No. 204 also includes Special Condition 97 which precludes Consol from conducting longwall mining under or adjacent to Kent Run until it obtains written access from the Department of Conservation and Natural Resources (DCNR) to perform stream mitigation work authorized by the DEP.  Intervenors appealed Permit Revision No. 204 and Consol appealed the inclusion of Special Condition 97 in Permit Revision No. 204 to the EHB.

        Intervenors filed an application for supersedeas to halt longwall mining under Polen Run and Kent Run.  After hearing, the EHB issued the order granting supersedeas in part precluding longwall mining beneath and within 100 feet of Kent Run in the 3L panel; the issue as to Polen Run became moot because Consol had completed longwall mining beneath Polen Run prior to the time that the petition for supersedeas could be heard by the EHB.  Consol then filed the instant appeal[2] asking this Court to reverse the EHB's order granting partial

---

[2] Generally, orders granting supersedeas are interlocutory and are not appealable to this Court.  *Knish v. Workmen's Compensation Appeal Board (Jerome Enterprises)*, 536 A.2d 856, 857-58 (Pa. Cmwlth.), *appeal quashed*, 553 A.2d 971 (Pa. 1988).  However, Consol asserts that the EHB's order granting supersedeas is a collateral order that may be appealed.  *See* Pa. R.A.P. 313(a) ("An appeal may be taken as of right from a collateral order of an administrative agency . . . ."); Pa. R.A.P. 313(b) ("A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."); *Spanier v. Freeh*, 95 A.3d 342, 345 (Pa. Super. 2014) ("Among other exceptions, the appeal of a grant of a motion to stay civil proceedings is appealable and within our jurisdiction if it satisfies the collateral order doctrine pursuant to Pa. R.A.P. 313.  *See Melvin*
**(Footnote continued on next page…)**

supersedeas, to reinstate Permit Revision No. 204 as issued, and to grant other just and reasonable relief.

However, on May 12, 2017, Consol filed a Status Report in which it states that it has executed a second amendment to the September 21, 2001 Operations Agreement with the DCNR which expressly satisfies Special Condition 97 and which provides that Consol will forego longwall mining beneath Kent Run in the 3L panel.

As noted above, Permit Revision No. 204 authorized longwall mining beneath Polen Run and Kent Run in the 3L panel, but supersedeas as to Polen Run was moot because Consol had completed longwall mining under Polen Run in the 3L panel in December 2016. Reproduced Record (R.R.) at 2625a-2626a, 3408a. Because Consol has now agreed to forego all longwall mining beneath Kent Run in the 3L panel as authorized under Permit Revision No. 204, we cannot grant Consol the requested relief with respect to the EHB's supersedeas order.

"The general rule with respect to the issue of mootness is that an actual case or controversy must exist at all stages of appellate review." *Pagnotta v. Pennsylvania Interscholastic Athletic Association, Inc.*, 681 A.2d 235, 237 (Pa Cmwlth. 1996), *appeal denied*, 693 A.2d 968 (Pa. 1997). "[W]here '[i]ntervening changes in the factual matrix of a pending case' occur which eliminate an actual

---

**(continued…)**

*v. Doe*, [836 A.2d 42, 46 (Pa. 2003)]; *Ben v. Schwartz*, [729 A.2d 547, 550 (Pa. 1999)].").

However, we need not decide whether this appeal is a collateral appeal properly before this Court because we dismiss the appeal on other grounds. *See, e.g., Flynn–Scarcella v. Pocono Mountain School District*, 745 A.2d 117, 119 (Pa. Cmwlth. 2000) ("Generally, the courts of this Commonwealth may not exercise jurisdiction to decide issues that do not determine the resolution of an actual case or controversy.").

4

controversy and make it impossible for the court to grant the requested relief, the case will be dismissed as moot." *Id.* (citation omitted). It is undisputed that the longwall mining authorized by Permit Revision No. 204 cannot be conducted either by Consol's agreement or completion of the work. As a result, the appeal of the EHB's order granting supersedeas is moot.[3]

   Accordingly, the above-captioned appeal is dismissed as moot.

                         
                MICHAEL H. WOJCIK, Judge

---

[3] As this Court has explained, "[a]lthough the parties have not argued mootness, we may raise it *sua sponte*." *Utility Workers Union of America, Local 69 v. Public Utility Commission*, 859 A.2d 847, 849 (Pa. Cmwlth. 2004) (citation omitted). Moreover, we reject Consol's assertion that the instant appeal is not moot because review of such a supersedeas order will evade review. Consol's voluntary amendment to the September 21, 2001 Operations Agreement rendered the instant appeal moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Consol Pennsylvania Coal    :
Company LLC,    :
   :
            Petitioner    :
   :
       v.    : No. 112 C.D. 2017
   :
Department of Environmental    :
Protection,    :
   :
         Respondent :

## O R D E R

AND NOW, this 2ⁿᵈ day of <u>August</u>, 2017, the above-captioned appeal is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge