**Richard PUCCI, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WOODVILLE STATE HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 1998.
Decided March 11, 1998.

Amiel B. Caramanna, Jr., Pittsburgh, for petitioner.

Linton L. Moyer, Pittsburgh, for respondent.

Before McGINLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Richard Pucci (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the workers' compensation judge (WCJ) denying Claimant's petition for reinstatement. We affirm.

On December 21, 1989, Claimant suffered an injury to his left wrist in the course of his employment with Woodville State Hospital (Employer). Claimant received total disability compensation until benefits were suspended by a supplemental agreement dated May 24, 1990, based on Claimant's return to work. On July 3, 1991, Claimant filed a reinstatement petition alleging a recurrence of disability. Following a hearing on that petition, WCJ Nathan T. Cohen found that Claimant became disabled as of February 13, 1991, due to chest pain and related chest problems. The WCJ further found that Claimant had applied for and was granted disability retirement based upon his chest pain, which was not related to his work injury. In a decision dated November 4, 1993, the WCJ concluded

that Claimant voluntarily left the labor force for reasons unrelated to his work injury and was not entitled to a reinstatement of workers' compensation benefits. The Board affirmed the WCJ's decision and no further appeal was taken.

On September 23, 1994, Claimant again filed for reinstatement, alleging that he became disabled following surgery on his left arm due to his work injury. Employer filed an answer denying the allegations and the case was assigned to WCJ Cohen. At the first hearing on December 7, 1994, Employer moved to dismiss the reinstatement petition, arguing that Claimant was estopped from proceeding with the reinstatement petition in light of the WCJ's prior finding that Claimant withdrew from the work force for reasons unrelated to his work injury.

Claimant testified that he had open-heart surgery in October of 1990, after which he returned to work for two days in February of 1991, and then retired. Claimant stated that he had not seen a doctor for his heart condition since 1991. Claimant offered into evidence a report by William C. Hagberg, M.D., an orthopedic surgeon, in which Dr. Hagberg opined that Claimant's work injury had worsened to the extent that he required the subsequent surgery. The report was not admitted into evidence due to a hearsay exception.

The WCJ continued the case and asked the parties to submit briefs on the issue of whether the case should be dismissed. At the hearing on July 26, 1995, the parties requested a ruling on the motion to dismiss and agreed that no additional evidence was needed before that ruling could be made. The WCJ issued an interlocutory order dated August 12, 1995, denying the motion to dismiss and requesting additional information.

On November 16, 1995, the WCJ granted Employer's motion to dismiss. The WCJ referenced his earlier finding that Claimant had voluntarily removed himself from the work force for reasons not related to his work injury. (WCJ's decision of October 27,

1993, Finding of Fact No. 10.) He stated that Claimant had neither alleged nor offered any evidence that the reason he had left the labor force had changed. The WCJ concluded that the allegations in Claimant's reinstatement petition, even if proven true, were insufficient to overcome the prior finding of fact that he had left the labor force for reasons other than his work injury. Finally, the WCJ concluded that, for reasons of judicial economy, it was not appropriate to allow for additional evidence, when the projected evidence from Claimant would be insufficient to meet his burden of proof.

Claimant appealed to the Board, which concluded that the issue of whether Claimant had left the work force for reasons unrelated to his work injury had been finally adjudicated by the WCJ's prior decision. The Board also concluded that the WCJ had explored the relevant questions of 1) whether Claimant's disabling, non-work related condition had changed to the extent that Claimant was no longer disabled from that condition and 2) whether Claimant's disability is now attributable to the 1989 work injury. The Board noted that Claimant submitted no evidence documenting an improvement in his non-work related disability. The Board concluded that Claimant suffered no loss of earning power due to his work injury because he had already voluntarily removed himself from the work force. Accordingly, the Board affirmed the WCJ's decision.

On appeal to this Court,[1] Claimant argues that the doctrine of collateral estoppel is not applicable to the question of whether Claimant is entitled to a reinstatement of compensation as of August 31, 1994. Claimant also argues that he was denied the opportunity to present evidence that his non-work related heart condition was no longer disabling and that his work related disability had recurred.

 Collateral estoppel, or issue preclusion, is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

different from the one previously litigated. *Bortz v. Workmen's Compensation Appeal Board (Reznor Division of FL Industries),* 546 Pa. 77, 683 A.2d 259 (1996). For collateral estoppel to apply, it must be shown that: 1) the issue decided in the prior case is identical to the one presented in the later case; 2) there was a final judgment on the merits; 3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and 4) the determination in the prior proceeding was essential to the judgment. *C.D.G. Inc. v. Workers' Compensation Appeal Board (McAllister),* 702 A.2d 873 (Pa.Cmwlth.1997).

▮ A claimant seeking reinstatement of benefits must establish that the reasons for the suspension no longer exist. *Pieper v. Ametek–Thermox Instruments Div.,* 526 Pa. 25, 584 A.2d 301 (1990). The claimant must prove that the disability which gave rise to his original claim continues and that, through no fault of his own, his earning power is again adversely affected by his work-related injury. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries),* 536 Pa. 490, 640 A.2d 386 (1994).[2] The issue presented in this reinstatement petition is identical to that decided in the prior reinstatement proceeding, namely, whether Claimant's earning power is adversely affected by his work injury.

▮ Claimant argues that there is no identity of issues because the disability alleged in the present reinstatement petition refers to a different point in time than was involved in the prior petition. However, in other situations where a party has filed a subsequent petition, this Court has held that there has to be more than the mere passage of time for collateral estoppel not to apply. *C.D.G., Inc.* We conclude that the factors necessary for the application of collateral estoppel are

present in this case and that the Board properly affirmed the WCJ's decision that Claimant was estopped from relitigating the cause of Claimant's disability *as of February 13, 1991.*

A party seeking to alter the status quo must prove that there has been a change of physical condition or circumstances since the last legal proceeding addressing the nature and extent of the disability. *Id.* In this case, Claimant's burden was to prove that his loss of earning power was no longer due to his voluntary retirement. Claimant made no such allegation in his petition for reinstatement and offered no evidence of a change in his non-work related physical condition or of an intent to return to the work force.[3]

We reject Claimant's assertion that he was precluded from offering such evidence, as the record reflects that Claimant had ample opportunity to do so. Employer's counsel raised the issue of collateral estoppel at the first hearing and expressed his belief that our decision in *Vitelli v. Workers' Compensation Appeal Board (St. Johnsbury Trucking Co.),* 157 Pa.Cmwlth. 589, 630 A.2d 923 (1993), *petition for allowance of appeal denied,* 537 Pa. 627, 641 A.2d 591 (1994), was controlling.[4] At that point Claimant was on notice that Employer was challenging Claimant's entitlement to benefits based on his voluntary retirement. Even after the parties agreed that additional evidence was not necessary in order for the WCJ to rule on Employer's motion to dismiss, the WCJ provided the parties the opportunity to present additional evidence. Claimant failed to produce additional evidence at that time and is not now entitled to a "second bite at the apple."

Accordingly, we affirm the order of the Board.

---

**2.** In workers' compensation cases, the term "disability" is synonymous with loss of earning power. *Dillon.*

**3.** A claimant seeking workers' compensation benefits following retirement must show that he is seeking employment after retirement or that he was forced into retirement because of his work related injury. *Southeastern Pennsylvania Transportation Authority v. Workers' Compensation Ap-*

*peal Board (Henderson),* 543 Pa. 74, 669 A.2d 911 (1995).

**4.** In *Vitelli,* the court held that an employer seeking to suspend benefits does not have to prove a change in condition where the claimant has voluntarily retired and has no intention of seeking future employment.

*ORDER*

NOW, March 11, 1998, the order of the Workers' Compensation Appeal Board, at No. A95–4746, dated July 28, 1997, is affirmed.