# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carla Mazzoni-Hayes,                          :
                   Petitioner     :
                                       :
        v.                                    :    No. 1643 C.D. 2018
                                       :    Submitted:  April 12, 2019
Workers' Compensation Appeal                  :
Board (It's Amore Corp. and                   :
Norguard Insurance Company),                  :
                  Respondents    :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON                          FILED:  September 10, 2019


        Petitioner Carla Mazzoni-Hayes (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated November 14, 2018.  The Board, *inter alia*, reversed that portion of an order of a Workers' Compensation Judge (WCJ), which granted Claimant's petition to review medical treatment (Medical Review Petition).[1]  We now affirm.

        In order to understand fully the matter presently before this Court, a summary of the basic facts and procedural history from our prior unreported decision

---

[1] The WCJ also denied Claimant's review petition and penalty petition.  Claimant's review petition and penalty petition are not relevant to this appeal, and, therefore, we do not discuss such petitions in this opinion.

in *Amore Restaurant v. Workers' Compensation Appeal Board (Hayes)* (Pa. Cmwlth., No. 129 C.D. 2013, filed January 24, 2014)[2] is necessary and helpful:

Claimant sustained a work-related injury on March 3, 2006. [It's Amore Corp. and Norguard Insurance Company (collectively Employer)][3] never issued a notice of compensation payable, and Employer never entered into an agreement for compensation with Claimant, which ordinarily would identify the nature of Claimant's injury. The only document in the record that describes Claimant's work-related injury is a compromise and release agreement (the Agreement) that Claimant and Employer executed on October 8, 2010. The Agreement contains the following language, located in a box on the form on the top of the first page: "To the extent this agreement references an injury for which liability has not been recognized by agreement or by adjudication, the term [']injury['] shall mean [']alleged injury.['][']" Paragraph 4 of the Agreement provides as follows:

4. State the injury, the precise nature of the injury and the nature of the disability, whether total or partial.

Aggravation of left triangular cartilage complex ("TFCC") tear. *It is specifically understood and agreed that this settlement includes any and all injuries incurred by Claimant on or about* [*March 3, 2006*]*, or arising therefrom, regardless of what terms are used to describe the injuries.* By agreeing to this settlement, *the Claimant agrees that she has sustained no other injuries or diseases arising in the course of employment with this employer or causally related to this*

---

[2] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court "may be cited and relied upon when it is relevant under the doctrine of law of the case, res judicata or collateral estoppel."

[3] At some point during the course of these workers' compensation proceedings, for reasons unknown to this Court, it appears that Employer changed its name from "Amore Restaurant" to "It's Amore Corp."

*employment, and that she has not given timely statutory notice of any other such claims.* This settlement is to be a full and final settlement of this claim, without limitation or reservation, and includes any and all claims for benefits payable now or in the future and arising out of or causally related to the injury of [March 3, 2006].

The parties do not dispute that the identified injury pertains to Claimant's wrist area.

Paragraph 10 of the Agreement provides:

10. Summarize all benefits to be paid on and after the date of this stipulation or agreement for the reasonable and necessary medical treatment causally related to the injury and the length of time such payment of benefits is to continue.

Medical bills for dates of services on and after the date of this agreement will continue to be paid by the employer, as long as they are reasonable, necessary, and causally related.

Thus, under the terms of the [A]greement, Claimant accepted a lump sum payment for her injury and released Employer from its obligation under the Workers' Compensation Act (Act)[4] to pay for any disability (loss of earning power) arising from the aggravation of her TFCC tear.

Prior to entering into the Agreement, Employer paid all of the medical bills that Claimant submitted. Once she signed the Agreement, however, Employer unilaterally refused to pay medical bills that Claimant incurred after the date of the Agreement that were for the same treatments previously paid for by Employer.

Claimant filed [a] penalty petition on December 23, 2010, alleging that Employer wrongfully refused to pay her reasonable and necessary medical bills in violation of the Agreement. Claimant sought relief

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

3

directing Employer to pay the medical bills and penalties for its failure to pay the bills under Section 435(d)(i) of the []Act[]. . . . [5]

. . . Claimant testified [before the WCJ] that she underwent eight surgical procedures to her left arm and hand area as a consequence of the aggravated TFCC tear identified in the Agreement. . . . She testified that because of the difficulties she has using her left hand and wrist and the need to lift items using her arm, she has pain in her neck and shoulder area. She testified that she did not have any problems with her neck and shoulder areas until after she sustained her work-related injury, and that the chiropractic treatments she received relieved her neck and shoulder pain.

. . . [Claimant] testified that she obtained [pain block injections], both from [a] chiropractor and [a] pain management physician, before and after Employer entered [into] the Agreement. She admitted in her testimony on cross-examination that she had not filed a petition to add shoulder and neck injuries to the description of her injury in the Agreement. Claimant testified that Employer paid the bills associated with her wrist, neck, and shoulder conditions from the time of her injury up until Employer signed the Agreement, and that, thereafter, Employer stopped paying her medical bills associated with her neck and shoulder conditions: "[N]o code has changed, because I called the doctor. Everything was the same. As soon as they got my settlement that was it. It was cut off."

. . . .

. . . [Based on his credibility determinations,] [t]he WCJ reasoned that Employer's discontinuation of payment for Claimant's treatments with [Gary Latimer, D.C.,] the day after Claimant signed the Agreement was not uniform and routine. Moreover, the WCJ also determined that Dr. Latimer's treatment was for conditions causally related to Claimant's work-related injury. The WCJ concluded that Employer violated the Act by failing to continue to pay for Claimant's medical treatment after October 7, 2010, and, based upon that

---

[5] Added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d)(i).

4

conclusion, imposed penalties on Employer of twenty-five (25) percent.

Employer appealed to the Board, which affirmed the WCJ.

*Amore Restaurant*, slip op. at 1-6 (emphasis in original) (certain footnotes omitted) (record citations omitted). Employer thereafter petitioned this Court for review. The only issue addressed by this Court on appeal was whether the WCJ and the Board erred by concluding that Employer violated the Act by failing to pay the medical expenses that Claimant incurred after execution of the Agreement. *Id.* at 6. This Court concluded that the WCJ and the Board erred by concluding that Employer violated the Act. *Id.* at 12. In coming to this conclusion, this Court opined:

> [T]he Agreement settled finally any dispute between Claimant and Employer regarding the disability aspect of Claimant's identified work injury. Claimant accepted a lump sum payment in return for her agreement not to seek further disability benefits from Employer—*i.e.*, weekly benefits for total or partial disability (loss of earning ability) arising from the identified work injury. The Agreement specifically provides that Claimant settled her aggravated TFCC tear and "all injuries . . . *arising therefrom.*" Thus[,] the Agreement itself plainly disposes of all other injuries that arose as a consequence of Claimant's TFCC tear aggravation. The Agreement does not encompass a shoulder or neck injury as part of Claimant's aggravation injury, and the record includes no suggestion that Claimant and Employer ever agreed to those injuries or had those injuries adjudicated. Although Paragraph 10 of the Agreement provides that Employer would continue to pay for all medical treatment as long as the treatment is "reasonable, necessary, *and causally related,*" that provision must be read in the context of the fact that Claimant, in Paragraph 4 of the Agreement, affirmatively agreed that she had sustained no work-related injuries other than the TFCC tear. Thus, Claimant elected to forego the inclusion of any other potentially causally[ ]related injuries [including a shoulder or neck injury], whether currently known or not.

5

*Id*. at 9 (emphasis in original) (record citations omitted).

On February 8, 2016, Claimant filed her Medical Review Petition, alleging that she has experienced a "worsening of condition" and now suffers from "brachial plexus compression and cervical disc problems" and requesting that Employer pay her medical expenses related thereto. (Certified Record (C.R.), Item No. 5.) In support of her Medical Review Petition, Claimant testified before the WCJ and presented the deposition testimony of A. Lee Dellon, M.D., who is board certified in plastic surgery and hand surgery.[6] By decision and order dated October 30, 2017, the WCJ granted Claimant's Medical Review Petition. In doing so, the WCJ reasoned that, rather than limiting the description of Claimant's work-related injury to an aggravation of her left TFCC tear, the Agreement contained language that expanded the description of the work-related injury to include "any and all injuries incurred by Claimant on or about [March 3, 2006], or arising therefrom, regardless of what terms are used to describe the injuries." (WCJ's Decision at 6 (citing the Agreement ¶ 4).) Consequently, the WCJ determined that, based on the testimony of record, the treatment for Claimant's brachial plexus injury arose from the March 3, 2006 work-related injury, and Employer is, therefore, liable for medical expenses related thereto. (*Id.* at 10.)

Employer appealed the WCJ's decision to the Board, which reversed those portions of the WCJ's decision and order that granted Claimant's Medical Review Petition. (Board's Decision at 1, 7.) In doing so, the Board concluded that the WCJ improperly interpreted the Agreement to impute liability on Employer for the payment of medical expenses outside of the accepted work-related injury—*i.e.*,

---

[6] Given the fact that we decide this case on legal and not factual issues, Claimant's testimony and Dr. Dellon's testimony are not relevant to this appeal, and, therefore, we do not summarize or discuss their testimony in any further detail.

the aggravation of the TFCC tear—in contravention of this Court's decision in *Amore Restaurant* and in violation of the doctrines of res judicata and collateral estoppel. (*Id.* at 5-6.) Claimant now petitions this Court for review.

On appeal,[7] Claimant argues: (1) the Board committed an error of law by concluding that she was barred by the doctrines of res judicata and collateral estoppel from seeking a ruling on the issue of whether Employer was liable for her medical expenses related to her brachial plexus injury; and (2) the Board committed an error of law by disregarding the WCJ's finding that her brachial plexus injury was causally related to her work-related injury. Employer argues that the Board did not err in applying the doctrines of res judicata and collateral estoppel and, alternatively, that Claimant's Medical Review Petition is barred by the statute of limitations.

Claimant first argues that the Board committed an error of law by concluding that she was barred by the doctrines of res judicata and collateral estoppel from seeking a ruling on the issue of whether Employer was liable for her medical expenses related to her brachial plexus injury—an injury that she contends arose from her work-related injury—because this issue is separate and distinct from the issue previously decided by this Court. Claimant contends that the Agreement describes her work-related injury not just as an aggravation of the TFCC tear but also as any and all injuries arising from the TFCC tear, and, therefore, her brachial plexus injury is covered by the Agreement. In response, Employer counters that the Board correctly concluded that the doctrines of collateral estoppel and res judicata barred Claimant from seeking consideration of whether Employer was liable for

---

[7] This Court's review is limited to a determination of whether an error of law was committed, whether findings of fact are supported by substantial evidence, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

7

payment of medical expenses arising from Claimant's brachial plexus injury because this Court already decided the "ultimate issue" in the earlier proceeding, which is "whether the [Agreement] released [Employer] from liability for medical treatment to body parts other than the left wrist." (Employer's Br. at 4.)

The doctrine of res judicata incorporates two distinct principles of preclusion—collateral estoppel and technical res judicata. *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001). Both principles apply to prevent relitigation of claims and issues. *Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Sys., Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008), *appeal denied*, 971 A.2d 494 (Pa. 2009). Parties will be barred from relitigating claims if technical res judicata, also known as claim preclusion, applies. *Henion*, 776 A.2d at 365. Technical res judicata is found where there is: "(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." *Id.* at 365-66. Where collateral estoppel, also known as issue preclusion, applies, parties are barred from relitigating issues in a later action. *Pucci v. Workers' Comp. Appeal Bd. (Woodville State Hosp.)*, 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998). Collateral estoppel is found where: "[(]1) the issue decided in the prior case is identical to the one presented in the later case; [(]2) there was a final judgment on the merits; [(]3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and [(]4) the determination in the prior proceeding was essential to the judgment." *Id*. at 648.

With respect to the first element of collateral estoppel, the issue this Court previously decided in *Amore Restaurant* is identical to the issue now before

8

us. In *Amore Restaurant*, Claimant sought payment of medical expenses for alleged injuries to her shoulder and neck, which she contended arose from and/or were causally related to her work-related injury. Presently, Claimant seeks payment of medical expenses related to her brachial plexus injury, which she contends also arose from her work-related injury. Though the injuries for which she seeks payment of medical expenses may not be defined exactly the same—*i.e.*, shoulder and neck injuries versus brachial plexus injury—both injuries allegedly arose from and/or were causally related to Claimant's work-related injury. As stated above, this Court, in *Amore Restaurant*, already addressed this issue and held that the Agreement bars Claimant from seeking payment of medical expenses concerning any injuries other than the aggravation of the TFCC tear, including any injuries that may have arisen from the work-related injury, because Claimant elected to forego the inclusion of any other potentially causally related injuries in the Agreement. Thus, the first element of collateral estoppel has been met in this case.

The remaining elements of collateral estoppel have also been met. The second and third elements are satisfied because this Court's decision in *Amore Restaurant* constituted a final judgment on the merits and Claimant was a party in *Amore Restaurant* and had a full and fair opportunity to litigate the issue of whether Employer was liable for medical expenses for injuries other than an aggravation of her TFCC tear that allegedly arose from and/or were causally related to her work-related injury. Lastly, this Court's prior determination in *Amore Restaurant* of this issue was essential to answer the question of whether the WCJ and the Board erred by concluding that Employer violated the Act by failing to pay Claimant's medical expenses for her neck and shoulder injuries. Thus, Claimant is barred from relitigating this issue by the doctrine of collateral estoppel, because the issue at hand

9

is the same question we answered in *Amore Restaurant*, this Court resolved the issue by a final judgment, Claimant had a full and fair opportunity to litigate the issue in the prior case, and this Court's determination of the issue was essential to its decision in *Amore Restaurant*. Accordingly, the Board did not commit an error of law by concluding that Claimant was collaterally estopped from seeking a ruling on the issue of whether Employer was liable for medical expenses related to her brachial plexus injury.

Claimant also contends that the Board committed an error of law by disregarding the WCJ's finding that her brachial plexus injury was causally related to her work-related injury. Contrary to Claimant's argument, however, the Board merely chose not to focus on the above-mentioned finding because the finding was irrelevant to the Board's determination. The Board ultimately concluded that Claimant was barred from relitigating the issue of whether Employer was liable for payment of medical expenses arising from her work-related injury. In doing so, the Board referred to this Court's discussion in *Amore Restaurant*, which provided, in relevant part, "Claimant, in . . . the Agreement, affirmatively agreed that she had sustained no work-related injuries other than the [aggravation of the] TFCC tear. Thus, Claimant elected to forego the inclusion of any other potentially causally[ ]related injuries[] whether currently known or not." (Board's Decision at 6 (quoting *Amore Restaurant*, slip op. at 9).) There was no reason for the Board to address the WCJ's finding concerning the relatedness of the brachial plexus injury to Claimant's work-related injury because this Court already concluded that the Agreement only covers an aggravation of the TFCC tear and Employer is not responsible for the medical expenses related to any injury not covered by the

10

Agreement. The Board did not, therefore, commit an error of law by not addressing the WCJ's finding of fact concerning the brachial plexus injury.

Based on the above discussion, we affirm the Board's order.[8]

_____
P. KEVIN BROBSON, Judge

---

[8] As we have disposed of this appeal on the basis of collateral estoppel, we need not address Employer's argument that Claimant's Medical Review Petition is barred by the statute of limitations.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carla Mazzoni-Hayes,         :
        Petitioner     :
                               :
        v.               :   No. 1643 C.D. 2018
                               :
Workers' Compensation Appeal   :
Board (It's Amore Corp. and      :
Norguard Insurance Company),  :
        Respondents  :

## **O R D E R**

AND NOW, this 10th day of September, 2019, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

<br>

                            _____
                            P. KEVIN BROBSON, Judge