## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duane Holmes, : 
               Appellant : 
                : 
          v. : No. 1663 C.D. 2019
                : Submitted: May 1, 2020
City of Allentown, Lehigh County, : 
Lehigh County District Attorney's : 
Office, James B. Martin Esq./ : 
District Attorney, Steven M. Luksa : 
Esq./Assistant District Attorney : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: August 26, 2020

Duane Holmes, *pro se*, appeals an order of the Court of Common Pleas of Lehigh County (trial court) that sustained the preliminary objections of the Lehigh County District Attorney's Office, District Attorney James B. Martin, and Assistant District Attorney Steven M. Luksa (District Attorney Defendants) and dismissed Holmes' sixth amended complaint in replevin. Upon review, we reverse the order insofar as it sustained the preliminary objections, vacate the order insofar as it dismissed Holmes' sixth amended complaint, and remand for further proceedings.

## Background

On August 7, 2017, Holmes filed a civil complaint in replevin against the City of Allentown, Lehigh County, and the District Attorney Defendants (together, Defendants), seeking return of his property seized in connection with his

arrest. This Court reversed the trial court's denial of Holmes' attempt to file an amended complaint.[1] On June 3, 2019, Holmes filed his sixth amended complaint that averred the following.

In 2015, Holmes was convicted of receiving stolen property. During their investigation, police seized a number of items from Holmes' home and vehicle. Holmes then sought return of the seized property pursuant to Pennsylvania Rule of Criminal Procedure 588(A).[2] On September 29, 2015, the trial court issued an order directing the return of 39 of the 45 items enumerated in Holmes' motion, valued at $14,603.90. Sixth Amended Complaint, 6/3/2019, at 2, ¶6.

In April of 2018, Holmes filed a petition to enforce the trial court's September 29, 2015, order for return of his property, alleging that "not one single item has been returned." *Id.* at Exhibit A at 2, ¶7. By order of April 13, 2018, the trial court granted the petition to enforce and further instructed Holmes, who was incarcerated, to send an authorization letter to the "First Assistant District

---

[1] Holmes filed a petition for leave to amend his complaint to include a civil rights claim under 42 U.S.C. §1983 (Section 1983) and additional factual averments. By two separate orders dated December 13, 2017, and January 2, 2018, the trial court dismissed Holmes' complaint with prejudice and denied his petition to amend. On appeal, this Court held that the trial court erred in denying Holmes' petition to amend the complaint in the absence of evidence that granting his petition would "contravene a positive rule of law or cause prejudice to an opposing party." *Holmes v. City of Allentown* (Pa. Cmwlth., No. 102 C.D. 2018, filed August 9, 2018), slip op. at 13.

[2] It provides:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

PA. R. CRIM. P. 588(A).

Attorney" so that a third party could pick up the property on his behalf. *Id.* at Exhibit A at 7 n.1.

Holmes' sixth amended complaint averred that despite the trial court's orders, the District Attorney Defendants and the City have "intentionally and maliciously destroyed and recklessly mishandled [Holmes'] private property, causing diminution in value and outright loss[.]" *Id.* at 3, ¶11. The complaint alleged that his two cell phones, worth $1,000, were destroyed by the City "one week after the [trial court] ordered [Holmes'] private property returned to him." *Id*. at 2, ¶8. The complaint further alleged that the Public Defender's Office has declined to handle Holmes' forfeiture case.

Holmes asserted that under this Court's decision in *Commonwealth v. Irland*, 153 A.3d 469 (Pa. Cmwlth. 2017), *aff'd*, 193 A.3d 370 (Pa. 2018), the doctrine of common law forfeiture has never been part of the law of Pennsylvania. Therefore, his property should not have been forfeited.

The sixth amended complaint included eight counts. Count I asserted a "replevin" claim against all Defendants and requested a declaratory judgment that their failure to return his property, valued at $14,603.90, despite the trial court's orders of September 29, 2015, and April 13, 2018, violated Holmes' "constitutional and statutory rights[.]" Sixth Amended Complaint at 12, ¶75. Count I sought compensatory damages of $14,603.90 plus interest, punitive damages, and other relief deemed "reasonable and just." *Id*. Count II asserted a claim of conversion of chattels against all Defendants and sought a declaratory judgment that the unlawful conversion violated Holmes' "constitutional and statutory rights." *Id.* at 16, ¶100. Count II also sought compensatory damages of

$35,418.90 plus interest, punitive damages, and other relief deemed "reasonable and just." *Id.*

Counts III through VIII asserted a due process claim against each of the Defendants and sought the same relief as in Count II. Count V asserted, in addition to the due process claim, an equal protection claim against the County and alleged that it has implemented its forfeiture policy "based on [an individual's] inability to pay for an attorney[,]" which "take[s] advantage of poor legally unrepresented individuals with impunity." *Id.* at 24, 25, ¶¶141, 145. Count V sought a declaratory judgment that the County's forfeiture policy is unconstitutional and requested that the County be enjoined from implementing the policy.

The City, the County, and the District Attorney Defendants filed preliminary objections to the sixth amended complaint on various grounds including failure to conform to law, insufficient specificity, legal insufficiency (demurrer), and immunity. The District Attorney Defendants' joint preliminary objections also asserted pendency of a prior action under PA. R.C.P. NO. 1028(a)(6).[3] In response, Holmes moved to strike the preliminary objections and asserted that immunity and estoppel defenses must be raised as "new matter" under PA. R.C.P. NO. 1030(a)[4] and are improper preliminary objections.

---

[3] It states:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> * * *
>
> (6) *pendency of a prior action* or agreement for alternative dispute resolution[.]

PA. R.C.P. NO. 1028(a)(6) (emphasis added).

[4] It states:

The trial court, by order dated September 9, 2019, denied Holmes' motions and directed him to file a response to the preliminary objections within 20 days. The trial court held that the Defendants did not raise estoppel as a basis for their preliminary objections; rather, the "closest approximation to an estoppel argument" is the District Attorney Defendants' assertion that there exists a pending prior action, a defense allowed to be raised by preliminary objections under PA. R.C.P. NO. 1028(a)(6). Trial Court Order, 9/9/2019, at 2 n.1. The trial court held that the immunity defense was properly raised through preliminary objections because the defense was "apparent on the face of the sixth amended complaint." *Id.* (citing *Ziccardi v. School District of Philadelphia*, 498 A.2d 452 (Pa. Cmwlth. 1985)).

By order dated October 30, 2019, the trial court sustained the District Attorney Defendants' preliminary objections raised under PA. R.C.P. NO. 1028(a)(6) and dismissed Holmes' sixth amended complaint with prejudice. The trial court opined that the instant action sought to circumvent the prior rulings on Holmes' petitions for return of his property. Thus, the trial court concluded that its disposition of Holmes' petitions under PA. R. CRIM. P. 588(A) "collaterally estopped" Holmes from filing a "substantially similar action in civil court." Trial

(a) Except as provided by subdivision (b) [regarding assumption of the risk, comparative negligence and contributory negligence], *all affirmative defenses including but not limited to* the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, *estoppel*, failure of consideration, fair comment, fraud, illegality, *immunity from suit*, impossibility of performance, justification, laches, license, payment, privilege, release, *res judicata*, statute of frauds, statute of limitations, truth and waiver *shall be pleaded in a responsive pleading under the heading "New Matter."* A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

PA. R.C.P. NO. 1030(a) (emphasis added).

5

Court Order, 10/30/2019, at 3 n.1. By two orders dated November 1, 2019, the trial court dismissed the City and the County's preliminary objections as moot in light of its prior dismissal of the action. The trial court's November 1, 2019, orders were not appealed.

**Appeal**

On appeal,[5] Holmes raises two issues, which we reorder for review. Holmes first argues that the trial court erred in denying his motions to strike the Defendants' preliminary objections because under PA. R.C.P. NO. 1030(a), estoppel and immunity must be raised as "new matter" in an answer. He also argues that the trial court erred in sustaining the District Attorney Defendants' preliminary objections raised under PA. R.C.P. NO. 1028(a)(6). The Defendants counter that Holmes' motion for return of property had been ruled upon by the trial court and, if Holmes was dissatisfied with that prior ruling, he could have appealed. He did not do so.

Under PA. R.C.P. NO. 1028(a)(6), a party may raise preliminary objections based on the pendency of a prior action. The doctrine of *lis pendens* is "designed to protect a defendant from having to defend several suits on the same cause of action at the same time" and requires proof that the prior case is the same, the parties are the same, and the relief requested is the same. *Hillgartner v. Port Authority of Allegheny County*, 936 A.2d 131, 137 (Pa. Cmwlth. 2007) (citing

---

[5] This Court's review of a trial court's order sustaining preliminary objections determines whether the trial court committed an error of law or abused its discretion. *Kull v. Guisse*, 81 A.3d 148, 154 n.3 (Pa. Cmwlth. 2013). A trial court may sustain preliminary objections only if it appears with certainty that the law will not allow recovery. *Id*. All well-pled facts in the complaint and all reasonable inferences from those facts are accepted as true. *Id*. However, a court need not accept as true unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id*.

*Hessenbruch v. Markle*, 45 A. 669, 671 (Pa. 1900)). The three-prong test must be strictly applied when a party seeks to dismiss a claim under the doctrine of *lis pendens*. *Id*. at 137-38 (citing *Norristown Automobile Co., Inc. v. Hand*, 562 A.2d 902, 904 (Pa. Super. 1989)). Further, the doctrine of *lis pendens* requires that the prior action be pending. *Norristown Automobile Co.*, 562 A.2d at 903. Under Pennsylvania law, determining whether there is a pending prior action "is purely a question of law determinable from an inspection of the pleadings." *Davis Cookie Company, Inc. v. Wasley*, 566 A.2d 870, 871 (Pa. Super. 1989) (quoting *Hessenbruch*, 45 A. at 671).

The collateral estoppel doctrine, on the other hand, bars further action on an issue that has already been litigated. Often referred to as issue preclusion, collateral estoppel "is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated." *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008) (quoting *Pucci v. Workers' Compensation Appeal Board (Woodville State Hospital)*, 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998)). The collateral estoppel doctrine applies where:

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment.

*Id*. (quoting *Pucci*, 707 A.2d at 648). Unless the facts needed to establish collateral estoppel "appear from the complaint itself, the defense of collateral

estoppel may not be raised by preliminary objections." *220 Partnership v. Philadelphia Electric Company*, 650 A.2d 1094, 1097 (Pa. Super. 1994).

In denying Holmes' motions to strike the preliminary objections, the trial court explained that the Defendants did not assert a defense of collateral estoppel but, rather, pendency of a prior action. This issue may be raised by preliminary objections under PA. R.C.P. NO. 1028(a)(6). Further, preliminary objections "are a proper vehicle for raising immunity where the defense is apparent on the face of the pleading under attack." *Ziccardi*, 498 A.2d at 453. Here, the preliminary objections filed by the City, the County, and the District Attorney Defendants show that, in each case, the defense of immunity from suit was apparent on the face of the pleadings. Accordingly, the trial court did not err in denying Holmes' motions to strike the preliminary objections filed by the Defendants.

However, the trial court erred by raising, *sua sponte*, collateral estoppel as a basis for dismissing Holmes' sixth amended complaint. The defense of a pending action under PA. R.C.P. NO. 1028(a)(6) does not apply where the prior action had been litigated to conclusion and, thus, is no longer pending. Nevertheless, the trial court stated that Holmes is "collaterally estopped from advancing his claims" because he "received a favorable ruling" in the prior action. Trial Court Order, 10/30/2019, at 3 n.1. The District Attorney Defendants did not assert a defense of collateral estoppel, and the trial court erred in raising this defense on their behalf. *MacGregor v. Mediq Inc.*, 576 A.2d 1123, 1128 (Pa. Super. 1990).

Even so, a review of the facts alleged in the sixth amended complaint does not support the trial court's dismissal under the doctrine of collateral estoppel.

8

The sixth amended complaint averred that, despite the "favorable ruling" Holmes received in the prior action, the Defendants refused to return the property as the trial court ordered and, allegedly, have destroyed it and caused "diminution in value and outright loss[.]" Sixth Amended Complaint at 3, ¶11. Contrary to the Defendants' assertions, the sixth amended complaint did not seek return of property but, rather, compensatory and punitive damages. The sixth amended complaint further averred that the seizure of Holmes' property was void and illegal under this Court's ruling in *Irland*, 153 A.3d 469, and raised due process and equal protection claims. The sixth amended complaint does not raise the same issues as those filed by Holmes under PA. R. CRIM. P. 588(A) or those decided by the trial court in the prior case.[6]

## Conclusion

Because the collateral estoppel defense was not raised by the District Attorney Defendants, the trial court's dismissal of Holmes' sixth amended complaint cannot be sustained on this ground. Accordingly, we reverse the trial court's October 30, 2019, order insofar as it sustained the preliminary objections of the District Attorney Defendants on the basis of collateral estoppel, vacate the order insofar as it dismissed Holmes' sixth amended complaint with prejudice, and remand for further proceedings on the District Attorney Defendants' remaining preliminary objections.

_____
MARY HANNAH LEAVITT, President Judge

---

[6] The trial court, in its October 30, 2019, order and the PA. R.A.P. 1925(a) opinion, recited facts that were not alleged in Holmes' sixth amended complaint. To the extent the trial court relied on records of prior actions, it was error. The trial court's review should be restricted to the facts alleged in the complaint; it may not "take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." *220 Partnership*, 650 A.2d at 1097 (citation and quotations omitted).

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duane Holmes,                :
            Appellant     :
                        :
        v.            :    No. 1663 C.D. 2019
                        :
City of Allentown, Lehigh County,  :
Lehigh County District Attorney's  :
Office, James B. Martin Esq./     :
District Attorney, Steven M. Luksa  :
Esq./Assistant District Attorney   :

**O R D E R**

AND NOW, this 26th day of August, 2020, the order of the Court of Common Pleas of Lehigh County dated October 30, 2019, is REVERSED insofar as it sustained the preliminary objections of the Lehigh County District Attorney's Office, District Attorney James B. Martin, and Assistant District Attorney Steven M. Luksa (District Attorney Defendants) on the basis of collateral estoppel, and VACATED insofar as it dismissed Appellant's sixth amended complaint with prejudice. This matter is REMANDED for further proceedings on the District Attorney Defendants' remaining preliminary objections.

Jurisdiction is relinquished.

_____
MARY HANNAH LEAVITT, President Judge